# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10974
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2020

Lyle W. Cayce
Clerk

In the Matter of: MISTY CHANEY BRADY,

Debtor

MISTY CHANEY BRADY,

Appellant

v.

MAXUS HEALTHCARE PARTNERS, L.L.C.; TRUSTEE JOHN DEE SPICER,

Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:19-cv-270-A

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Appellant, Misty Chaney Brady, the bankruptcy debtor, appeals an order

from the United States Bankruptcy Court for the Northern District of Texas,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10974

which was affirmed by the District Court for the Northern District of Texas. Because we find that the property at issue was vested in the debtor's bankruptcy estate at the time of the objection, we affirm.

I.

On March 20, 2017, Ms. Brady filed her voluntary petition for relief under chapter 13 of the Bankruptcy Code. On October 24, 2017, she moved to exempt from her bankruptcy estate her equity interest in the following closely held entities: Zera, Inc.; Ricky Chaney Plumbing, LLC; BP Chaney, LLC; and Texas RHH, LLC (collectively, the "closely held entities"). No objections were filed opposing these exemptions. On December 12, 2018, the bankruptcy case was converted to chapter 7. Ms. Brady did not amend her schedules with additional exemptions at that time or anytime thereafter.

It was not until February 7 and 8, 2019 — after the chapter 7 conversion — that Appellees, Maxus Healthcare Partners, LLC and the Chapter 7 Trustee, filed objections to Ms. Brady's claim of exemptions. After a hearing, the bankruptcy court entered an order sustaining the objections and disallowing Ms. Brady's claim of exemptions of her equity interest in the closely held entities. Ms. Brady appealed to the district court, arguing that the bankruptcy court erred in finding the objections not moot. The district court affirmed; this appeal followed.

II.

"When a court of appeals reviews the decision of a district court, sitting as an appellate court, it applies the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *Jacobsen v. Moser* (*In re Jacobsen*), 609 F.3d 647, 652 (5th Cir. 2010) (citation and internal quotation marks omitted). Here, the district court reviewed the bankruptcy court's order de novo to the extent it presented questions of law; factual findings were reviewed for clear error. *In re Brady*, No. 17-41120-

No. 19-10974

MXM7, 2019 WL 3429165, at *1 (N.D. Tex. July 30, 2019) (first citing *Pierson & Gaylen v. Creel & Atwood* (*In re Consolidated Bancshares, Inc.*), 785 F.2d 1249, 1252 (5th Cir. 1986); then citing *Memphis-Shelby County Airport Auth. v. Braniff Airways, Inc.* (*In re Braniff Airways, Inc.*), 783 F.2d 1283, 1287 (5th Cir. 1986)).

## III.

Section 522(b) of the Bankruptcy Code permits individual debtors to list certain property as exempt from the bankruptcy estate, and Section 522(l) states that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C.S §§ 522(b), (l). Section 522(l) does not, however, specify a deadline for when those objections must be made. Rather, Bankruptcy Rule 4003(b) provides that parties in interest may object to the claimed exemptions within thirty-days from the date of the meeting of creditors or from the filing of supplemental schedules or amendments to the list of property claimed as exempt. Bankr. R. 4003. When a bankruptcy case is converted to chapter 7, Bankruptcy Rule 1019(2)(B) provides that a new 4003(b) thirty-day period commences for filing objections (unless certain exceptions, inapplicable here, are met). Bankr. R. 1019(2)(B).

Ms. Brady concedes that under Bankruptcy Rule 1019(2)(B), the Appellees' objections — made after the chapter 7 conversion — were timely. Instead, she argues that the objections were moot. This is so, she posits, because her interests in the closely held entities were permanently divested from the bankruptcy estate when the initial Rule 4003(b) deadline passed without objection. [1]

---

[1] For the same reason, she contends that sustaining the objection under Rule 1019(2)(B) would violate the Rules Enabling Act, which prevents the Supreme Court from promulgating rules that "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2075.

3

However, a property interest is divested from the bankruptcy estate only when it is exempted without *timely* objection. *See Schwab v. Reilly*, 560 U.S. 770, 775 (2010) ("If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate").[2] Thus, despite Plaintiff's urgings to the contrary, the issue presented in this appeal does turn on the timeliness of the objections. Appellees' objections — made within thirty days of the post-conversion creditor's meeting — were uncontrovertibly timely. And, because there was a timely objection to Ms. Brady's claimed exemption, the equity interest in the closely held entities was not yet divested from her bankruptcy estate. In sum, Ms. Brady's substantive rights were not abridged, nor was Appellees' objection moot because the interest at issue was soundly vested in the bankruptcy estate.[3]

We also agree with the district court that the "absurd results" Ms. Brady portends of are allayed by the exceptions to Rule 1019(2)(B). For example, her concern that "no finality can ever be accorded to exemptions in a chapter 11 or chapter 13 case" overlooks that "the new time period does not apply if the case

---

[2] Ms. Brady cites two examples of courts finding post-conversion objections moot. In both of those cases, however, it was the debtor's confirmation of the bankruptcy plan that divested the subject property from the bankruptcy estate, not the expiration of the original thirty-day objection period. *In re Golden*, 528 B.R. 803, 812 (Bankr. D. Colo. 2015) (finding a post-conversion objection meaningless because the debtor "removed the subject property from the bankruptcy estate *by way of the revesting provision of Section 1327(b)*.") (internal quotations omitted) (emphasis added); *O'Connor v. Leone (In re Leone)*, 463 B.R. 229, 240 (Bankr. N.D.N.Y. 2011) (finding "[t]he objection, however, has been rendered moot because the annuity was removed from the bankruptcy estate during the chapter 13 proceeding," but acknowledging earlier that the chapter 13 plan had been confirmed). Ms. Brady, on the other hand, never confirmed her bankruptcy plan.

[3] Our sister circuits have provided little guidance on this issue. When confronted with nearly the same set of procedural facts, the United States Bankruptcy Appellate Panel for the Ninth Circuit would have allowed a post-conversion objection to a homestead exemption even though there was no pre-conversion objection. *Klein v. Good (In re Good)*, No. WW-18-1125-KuTaB, 2018 Bankr. LEXIS 3609, at *1 (B.A.P. 9th Cir. Nov. 5, 2018). It was only because the creditor did not object within thirty days of the post-conversion creditor's meeting that the court denied it as untimely. *Id.* at *9-12.

No. 19-10974

was converted to Chapter 7 more than one year after entry of the first order confirming a plan under Chapter 11, 12, or 13." Thus, the bankruptcy estate becomes final one year after confirmation of a plan, even if it is later converted. Moreover, the paucity of litigation on this issue since the 2010 Amendment indicates that Ms. Brady's fears have not come to fruition.

## V.

Because Ms. Brady did not establish that the bankruptcy court committed any errors of law, we affirm its order sustaining Appellees' objection.